IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 17-51145

United States Court of Appeals
Fifth Circuit

**FILED**

September 18, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANTONIO CISNEROS,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CR-365

Before SMITH, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Antonio Cisneros challenges the denial of his motion to suppress bags of methamphetamine found in the trunk of his car. The search occurred at the Sierra Blanca Border Control Checkpoint, which is on Interstate 10 about 14 miles east of the border. The border patrol agent inquired about Cisneros's citizenship. Cisneros responded that he was a Mexican citizen and handed his permanent resident card to the agent. The agent examined the card, asked Cisneros questions about his travel plans, and looked into the backseat. All

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this took about 50 seconds. While asking the questions, the agent was still holding the card, checking the hologram and inspecting other aspects of the card. The agent then asked Cisneros for consent to perform a canine sniff of the car, which Cisneros provided.

The duration of the stop until Cisneros consented was not unreasonable. Viewing the evidence in the light most favorable to the government as we must given the district court's ruling, the agent had not completed the immigration inquiry in the less than one minute Cisneros spent at primary inspection before he consented to the dog sniff. We thus need not decide whether by this time the agent had developed reasonable suspicion of drug trafficking.

Nor is there any Fourth Amendment problem with the consent Cisneros provided. He argues it was involuntary because the agent was still holding Cisneros's permanent resident card when he asked about the dog sniff. An officer's retention of identification documents is a factor in determining whether the defendant was subject to coercion, but does not alone establish that law enforcement compelled the consent. *United States v. Perales*, 886 F.3d 542, 546 (5th Cir. 2018). And a finding of coercion based on retention of documents is not typical when the officer holds the documents for a brief time during a permissible stop. *See, e.g., id.* at 547. We thus find no basis for concluding that the agent coerced Cisneros, and coercion is only one of many factors courts consider in deciding if consent was knowing and voluntary. *Id.* at 546.

Cisneros thus validly consented to continuing the stop for a dog sniff. Soon after the car moved to secondary inspection, the canine alerted to the trunk. That provided probable cause to search the vehicle. *United States v. Sanchez-Pena*, 336 F.3d 431, 444 (5th Cir. 2003). Cisneros complains that before the dog approached an agent opened the front door of the car and removed a cup. We need not decide whether this attempt to remove an object

that might distract the dog was a search or within the scope of consent. Even if the entry were unlawful, the dog sniff provided an independent and intervening basis for the search of the trunk that led to discovery of the drugs.

Finally, we find no error in the district court's refusal to reconsider its suppression ruling after the government produced the video of the checkpoint encounter. The district court viewed the video and determined it did not require a different result. And the government committed no *Brady* violation because it produced the video before Cisneros was convicted.

AFFIRMED.